# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY S. MADISON, JR.,

    Petitioner,

v.

TIMOTHY BRADLEY, WARDEN,
PICKAWAY CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-1023
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Facts and Procedural History

Petitioner challenges his September 2015 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on vehicular assault and aggravated vehicular assault. He asserts that the trial court improperly imposed maximum consecutive sentences in violation of state and federal law (claim one); and that the sentence is "contrary to law" and the trial court "used improper findings" in imposing consecutive terms of incarceration (claim two). Petitioner presented the following claims on direct appeal:

    I.    THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERM.

> II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

*State v. Madison*, Nos. 15AP-994, 15AP-995, 2016 WL 5720378, at *2 (Ohio App. 10th Dist. Sept. 30, 2016). On September 30, 2016, the appellate court affirmed the judgment of the trial court, but sustained the second assignment of error, in part, and remanded the case to the trial court for the issuance of *nunc pro tunc* entries incorporating the statutory findings that the trial court made at sentencing for imposition of consecutive terms of incarceration. *Id*. Petitioner did not file a timely appeal. On July 26, 2017, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Madison*, 150 Ohio St.3d 1406 (Ohio 2017). On November 22, 2017, Petitioner filed this federal habeas corpus petition.

**Exhaustion**

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each claim to the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor,* 404 U.S. 270, 275 (1971). Although this fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is nevertheless rooted in principles of federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment. In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional

right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.*

Here, Petitioner failed to present his claims to the state courts as issues of federal constitutional magnitude. Further, it does not appear that Petitioner can establish cause for this failure. Petitioner therefore has waived this Court's review of any such federal claim in these proceedings.

**Procedural Default**

Petitioner also has procedurally defaulted his claims by failing to file a timely appeal to the Ohio Supreme Court. Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). This Court may *sua sponte* raise the issue of procedural default when conducting preliminary review of the habeas

3

corpus petition under Rule 4. *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default *sua sponte*, neither are they precluded from doing so.").

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually

enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

Petitioner failed to file a timely appeal of the appellate court's decision denying his claims to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for a delayed appeal. Petitioner therefore has procedurally defaulted his claims. *See Rhodes v. Warden, Ross Correctional Institution*, No. 2:16-cv-0074, 2017 WL 1295480, at *4 (S.D. Ohio April 7, 2017) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)); *Stone v. Ohio*, No. 16-3126, 2017 WL 3594953, at *2 (6th Cir. April 19, 2017) ("The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is an adequate and independent state-law ground barring federal habeas review[.]") (citing *Bonilla v. Hurley*, 370 F.3d at 496-97). Further, it does not appear that

Petitioner can establish cause for this procedural default or that he is actually innocent so as to permit a merits review of his claims. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

## State Law Claims

Moreover, to the extent that Petitioner presents issues regarding the alleged violation of state law, such claims do not provide a basis for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Further, this Court defers to a State's interpretation of its own laws. *See Calhoun v. Tibbals*, No. 2:15-cv-03026, 2017 WL 914737, at *9 (S.D. Ohio March 8, 2017)(citing *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)); *Beavers v. Franklin County Adult Probation*, No. 2:13-cv-00404, 2016 WL 5660275, at *1 (S.D. Ohio Sept. 29, 2016) (citation omitted).

## Recommended Disposition

Therefore, for all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
