# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY S. MADISON, JR.,

    Petitioner,

v.

TIMOTHY BRADLEY, WARDEN, PICKAWAY CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-1023

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On November 30, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 3, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed an objection to the Magistrate Judge's R&R. ECF No. 6. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objection is **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**. Furthermore, the Court **DECLINES** to issue a certificate of appealability.

In September 2015, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to charges of vehicular assault and aggravated vehicular assault. He asserts that the trial court's imposition of maximum consecutive

terms of incarceration is unsupported by the record, violates Ohio and federal law, and that the trial court used improper findings to justify imposition of consecutive terms of incarceration. The Magistrate Judge recommended dismissal of these claims as waived based on Petitioner's failure to present his claims to the state courts as issues of federal constitutional magnitude and his failure to file a timely appeal to the Ohio Supreme Court.

Petitioner objects to that recommendation. Petitioner argues that the Rules of Practice of the Ohio Supreme Court prevented him from presenting his claims in a motion for a delayed appeal. In any event, he argues, the Ohio Supreme Court's summary dismissal of his motion for a delayed appeal did not constitute an enforcement of any state procedural rule. Alternatively, Petitioner asserts as cause for his procedural default that he was denied effective assistance of counsel because his attorney failed to timely notify him of the state appellate court's September 30, 2016, decision denying his appeal. Petitioner has attached a letter from his attorney, dated October 3, 2016, advising him of the deadline for filing an appeal to the Ohio Supreme Court, and suggesting that he contact the public defender's office for assistance. ECF No. 6-1, PAGEID # 36. However, Petitioner indicates that he did not receive the letter until October 12, 2016, and that he therefore had insufficient time to meet the filing deadline of November 14, 2016, to file an appeal with the Ohio Supreme Court. He requests an evidentiary hearing on the issue of procedural default.

Notably, however, to the extent that Petitioner presents a claim regarding the alleged violation of state law, this issue does not provide him a basis for relief. 28 U.S.C. § 2254(a). A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 18 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

Further, as discussed by the Magistrate Judge, Petitioner has waived any federal claim he now presents for review, not only by failing to file a timely appeal to the Ohio Supreme Court, but because he has failed to establish cause and prejudice for his failure to present his claims to the state courts as issues of federal constitutional magnitude. From review of the state appellate court's decision denying his appeal, it is clear that Petitioner presented his claims to the state courts solely as issues regarding the alleged violation of state law. *See State v. Madison*, Nos. 15AP-994, 15AP-995, 2016 WL 5720378 (Ohio App. 10th Dist. Sept. 30, 2016). As discussed above, such claims do not provide a basis

for relief. Additionally, the United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's unexplained decision denying leave to file an untimely appeal is presumed to enforce any applicable procedural bar. *See Depinet v. Bunting*, No. 3:14-cv-1366, 2015 WL 675076, at *6–7 (N.D. Ohio Sept. 25, 2015) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*) (other citations omitted). Therefore, Petitioner has also procedurally defaulted his claims on this basis. He has failed to establish ineffective assistance of counsel as cause for this procedural default. Appellate counsel did not act unreasonably in advising him, in a letter sent three days after the decision of the state appellate court denying the appeal, of the deadline for filing an appeal with the Ohio Supreme Court. Moreover, the docket of the Ohio Supreme Court indicates that Petitioner waited more than seven months, until May 23, 2017, after Petitioner states that he received notification from his attorney, to file a notice of appeal and motion for a delayed appeal with the Ohio Supreme Court. Under these circumstances, Petitioner cannot establish prejudice from his attorney's purported failure to timely notify him of the decision of the Ohio court of appeals. *See Johnson v. Turner*, No. 2:14-cv-01908, 2016 WL 6963177, at *4 (S.D. Ohio Nov. 29, 2016) (citing *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 434 (6th Cir. 2006); *Baker v. Bradshaw*, 495 Fed.Appx. 560, unpublished, 2012 WL 3538585, at *5 (6th Cir. Aug. 17, 2012) (no prejudice where the petitioner did not file a motion for delayed appeal with

the Ohio Supreme Court within forty-five days of the date that he learned of the appellate court's decision) (additional citation omitted).

Therefore, for these reasons and for the reasons addressed in the Magistrate Judge's R&R, Petitioner's objection, ECF No. 6, is **OVERRULED**. The R&R, ECF No. 3, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of

appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as procedurally defaulted. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final judgment.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**